**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3198
_____

CHRISTOPHER ROBERTS,
                                        Appellant

v.

JENNIFER W. GETTLE; RICHARD A. LEWIS;
EDWARD M. MARSICO, JR.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00790)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 1, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 20, 2025)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Christopher Roberts, proceeding pro se, appeals the District Court's order adopting the Magistrate's Report and Recommendation and dismissing his complaint with prejudice for failure to state a claim. We will affirm.

Roberts filed a complaint against Assistant District Attorney Jennifer W. Gettle and Dauphin County Court of Common Pleas Judges Richard A. Lewis and Edward M. Marsico, Jr. regarding a condition of his probation. In January 2019 Roberts pled guilty to burglary, theft by unlawful taking, and aggravated cruelty to animals – torture. As part of Roberts' sentence, and upon request of ADA Gettle, Judge Lewis added a condition to Roberts' probation that he was prohibited from having contact with animals. Three years later, while Roberts was out on parole, a dog was discovered in his home in violation of this condition. Judge Marsico therefore revoked Roberts' parole and sentenced him to a term of not less than two-and-a-half to no more than seven years' incarceration. Judge Marsico also re-imposed the no-contact-with-animals condition.

Roberts alleged in his complaint that the requirement he have no contact with animals violated the Americans with Disabilities Act (ADA), Rehabilitation Act (RA), and the Fourteenth Amendment's Equal Protection Clause. Roberts requested money damages and injunctive and declaratory relief setting this condition aside. The District Court referred the complaint to a United States Magistrate Judge, who screened it pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge then issued a report, recommending the District Court dismiss the complaint with prejudice because (1) the

2

named defendants were immune to civil suit, (2) abstention was proper pursuant to Younger v. Harris, and (3) Roberts failed to state a cognizable claim for relief under the ADA, RA or Fourteenth Amendment's Equal Protection Clause. On December 1, 2023, the District Court overruled Roberts' objections to the report,[1] set forth detailed reasoning and analysis as to why it was adopting the report and its recommendation, and dismissed Roberts' complaint without leave to amend. Roberts timely appealed the order. In this Court, he has also requested appointment of counsel.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order dismissing Roberts' complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). Dismissals for failure to state a claim under § 1915(e)(2)(B) are governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard in appeal of dismissal under § 1915(e)(2)(B)(ii)). This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). We must also draw all reasonable inferences in Roberts' favor. See Simko v. U.S. Steel Corp., 992 F.3d 198, 204 (3d Cir. 2021) (citing Connelly v. Lane Constr. Corp., 809 F.3d 780, 787

---

[1] Roberts asserted that absolute immunity does not apply to injunctive and declaratory relief and that he should have been given leave to amend his complaint.

3

(3d Cir. 2016)).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Prosecutors are absolutely immune from liability under 42 U.S.C. § 1983 for actions performed as the state's advocate.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  This immunity shields all acts "intimately associated with the judicial phase of the criminal process."  Id. at 430.  Judges are also immune from civil liability for acts taken in their judicial capacity.  See Stump v. Sparkman, 435 U.S. 349, 355–57 (1978).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  Id. at 356–57 (quotation marks omitted).

ADA Gettle was operating in her official capacity as prosecutor during the judicial phase of Roberts' case when she requested this probation condition be incorporated into his sentence.  Moreover, Judge Lewis' sentencing, where he articulated on the record that this probation condition was tied to Roberts' conviction for aggravated animal abuse, and Judge Marsico revocation of Roberts' parole for violating this condition and re-imposition of the condition, were acts taken in their judicial capacity.  Accordingly, ADA Gettle was entitled to absolute immunity and Judges Lewis and Marsico were entitled to judicial immunity to the extent that Roberts sought damages against them.

Further, to the extent that Roberts sought, as injunctive relief, to have this part of his criminal judgment, imposed by the sentencing judge, set aside, his claim must be

pursued via habeas. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Tobey v. Chibucos, 890 F.3d 634, 651 (7th Cir. 2018).

Considering the foregoing, the District Court did not err in dismissing Roberts' complaint without leave to amend after determining that further amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will summarily affirm the District Court's judgment. Roberts' motions for the appointment of counsel are denied. See Tabon v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).